John G. Gilfillan III (JG0787)
David G. Gilfillan (DG4518)
CARELLA, BYRNE, BAIN, GILFILLAN
 CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: 1(973)994-1700
Attorneys for Plaintiff, E.J. Brooks Company

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| E.J. BROOKS COMPANY, : | |
|   Plaintiff, : | Case No. |
| v. : | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION AND UNFAIR COMPETITION** |
| ONESEAL, INC., : | |
|   Defendant. : | |

Plaintiffs, E.J. Brooks Company ("Brooks") by way of complaint against Defendant, OneSeal, Inc. ("OneSeal") states:

### THE PARTIES

1.  Plaintiff, Brooks is a corporation of the State of New Jersey, having a principal place of business at 8 Microlab Road, Livingston, New Jersey 07039.

2.  Upon information and belief, Defendant OneSeal is a foreign corporation having a regular and established place of business at 628 Route 10, #2, Whippany, New Jersey 07981.

## JURISDICTION

3. This court has jurisdiction over the statutory trademark infringement counts of this action under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*

4. This Court has jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. §§ 1338(b) and 1367 in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States.

## VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) in that upon information and belief OneSeal is an alien corporation which is doing business in this District and as such is a resident of and subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

6. Since 1873, Brooks has been a manufacturer and seller of security seals in the United States and elsewhere in the world. Commercial, manufacturing and governmental organizations around the world have used Brooks' seals successfully to safeguard their products.

7. Products manufactured and sold by Brooks include security seals marketed under Brooks' PULL-TITE® trademark which is registered in the United States Patent and Trademark Office (USPTO), Registration Number 1,200,445 (the '445 Registration)

8. The '445 Registration issued on July 6, 1982 to Brooks, continues to be owned by Brooks, and is valid and subsisting.

9. OneSeal is a manufacturer and distributor of security seals.

10. OneSeal is a direct competitor of Brooks in the security seal business.

11. Upon information and belief, OneSeal manufactures and or sells security seal products in or into the United States, under the trademark Pull-Tight, without authorization or permission of Brooks. The OneSeal security seal products are intended to directly compete with Brooks' products.

12. Plaintiff Brooks has used the trademark PULL-TITE® continuously for over twenty nine (29) years and has enjoyed registration of the trademark in the United States for over twenty three (23) years.

13. Upon information and belief, Defendant OneSeal adopted and used the trademark of Registration '445 long subsequent to Plaintiff Brooks' first use of the mark.

14. The '445 Registration has become incontestable pursuant to Section 15 of the Lanham Act (15 U.S.C. §1065).

15. Plaintiff also claims common law rights in the PULL-TITE trademark in New Jersey and throughout the United States.

16. The distinctiveness of the PULL-TITE mark is buttressed by its secondary meaning in the marketplace. Plaintiffs have expended substantial efforts, time and resources in promoting and causing the mark to be known in the market place.

17. Plaintiffs vigorously police their trademarks and enforce their rights therein.

18. Various attempts were made to resolve the issues amicably, all to no avail.

19. Communications continued until October 2005 at which time counsel for OneSeal stated that he was taking the liberty of regarding the matter as closed.

## FIRST COUNT

## FEDERAL STATUTORY TRADEMARK INFRINGEMENT

20. Brooks repeats and realleges paragraphs 1 through 19 of this Complaint as if set forth fully in this Count.

21. Brooks' use of the mark PULL-TITE® with respect to security seals commenced as early as 1976 and has continued to the present.

22. Brooks has filed with the United States Patent and trademark Office an affidavit of continued use of said mark as required by 15 U.S.C. § 1058(a), and said registration is currently valid.

23. By reason of the validity of the registered mark and of the registration of the mark, Brooks' (a) ownership of the mark, and Brooks' (b) exclusive right to use the registered mark in commerce for the above-mentioned security seals are incontestable under 15 U.S.C. § 1065, and 15 U.S.C. § 1115(b), as Brooks has filed the required affidavit with the Commissioner of Patents and Trademarks.

24. OneSeal has infringed Brooks' mark in interstate commerce by adopting and using the mark Pull-Tight with respect to security seals.

25. The use by OneSeal of the mark Pull-Tight with respect to security seals is without the permission or authority of Brooks, and likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of OneSeal with Brooks, or as to the origin, sponsorship, or approval of OneSeal's security seals by Brooks.

26. The conduct of OneSeal aforesaid and the confusion which is likely to result therefrom is causing Brooks irreparable injury which will continue unless enjoined by this Court.

27. Plaintiff Brooks has no adequate remedy at law.

28. Upon information and belief, the infringement by OneSeal of Brooks' exclusive rights in its federally registered trademark was done willfully and intentionally by OneSeal with full knowledge of Brooks' trademark rights.

29. Brooks has given notice that its mark is registered in the United States Patent and trademark Office by displaying the mark with the letter R enclosed within a circle. Brooks has requested that OneSeal cease and desist from its acts of trademark infringement and has given OneSeal actual notice of Brooks' registration, but OneSeal has refused to cease its infringing acts.

WHEREFORE, Brooks demands against OneSeal:

(a) An Order permanently enjoining OneSeal from using the mark Pull-Tight or any mark which is confusingly similar thereto with respect to security seals;

(b) An Order awarding Brooks damages for the infringement of Brooks' rights in its Trademark PULL-TITE®, and for the profits of OneSeal arising from said infringement, said damages and profits to be trebled pursuant to 15 U.S.C. § 1117, together with costs and attorneys' fees; and

(c) Such other and further relief as the Court deems equitable and just.

## SECOND COUNT

### FALSE DESIGNATION

30. Brooks repeats and realleges paragraphs 1 through 29 of this Complaint as if set forth fully in this Count.

31. The aforesaid conduct of OneSeal constitutes false designation of origin in interstate commerce, in violation of 15 U.S.C. 1125(a)(1)(A).

WHEREFORE, Brooks demands against OneSeal:

(a) An Order permanently enjoining OneSeal from stating, representing, or implying to any person in the United States that any products of OneSeal relating to security seals or any company related to OneSeal are Brooks products;

(b) An Order awarding plaintiff Brooks damages for the use of the mark Pull-Tight by OneSeal in violation of Brooks' statutory rights together with costs and attorney's fees; and

(c) Such other and further relief as the Court deems equitable and just.

### THIRD COUNT

### UNFAIR COMPETITION

32. Brooks repeats and realleges paragraphs 1 through 38 of this Complaint as if set forth fully in this Count.

33. The aforesaid conduct of defendant OneSeal constitutes unfair competition under the common law.

WHEREFORE, Brooks demands against OneSeal:

(a) An Order permanently enjoining OneSeal from stating, representing, or implying to any person in the United States that any products of OneSeal relating to security seals or any company related to OneSeal are Brooks products;

(b) An Order awarding plaintiff Brooks compensatory and punitive damages for the use of the mark Pull-Tight by OneSeal in violation of Brooks' common law rights together with costs and attorney's fees; and

(c) Such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Brooks hereby demands a trial by jury on all issues so triable herein.

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Attorneys for Plaintiff

By: _____
JOHN G. GILFILLAN, III

Dated: January 26, 2006.

7

## CERTIFICATION

I certify that the matter in controversy between E.J. Brooks Companyand OneSeal is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

January ___, 2006

_____
JOHN G. GILFILLAN, III

#276415